## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: A TOUCH OF JAZZ., INC. and TOUCHED BY JAZZ MUSIC, INC. | : CHAPTER 11 : : |
| Debtors | : BANKRUPTCY NO. 10-12250 - mfw : : Jointly Administered |

## *SUPPLEMENTAL*[1] DECLARATION OF JOHN F. THOMAS, JR., ESQUIRE, IN SUPPORT OF APPLICATION OF DEBTORS PURSUANT TO 11 U.S.C. § 327(a) FOR AUTHORITY TO EMPLOY AND RETAIN JOHN F. THOMAS, JR., AS COUNSEL FOR THE DEBTOR

John F. Thomas, Jr., Esquire, makes this Declaration pursuant to 28 U.S.C. § 1746, and states:

1. I am an attorney at law, duly admitted and in good standing to practice in the courts of the State of Delaware, Commonwealth of Pennsylvania, and the State of New Jersey as well as the United States District Courts for the District of Delaware, District of New Jersey, and Eastern District of Pennsylvania.

2. I submit this Supplemental Declaration in support of the application (the "Application") of the above-captioned Debtors in Possession for an Order approving the employment and retention of John F. Thomas, Jr., Esquire, as counsel in the above-captioned Chapter 11 cases and for the purpose of complying with Section 327(a) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and to provide the disclosures required under Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] Changes to the prior-filed Declaration are highlighted by underlining.

3. Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon my completion of further analysis or as additional creditor information becomes available to me, a supplemental declaration will be submitted to the Court reflecting the same.

## John F. Thomas, Jr., Esquire's Disclosures

4. I have never in the past represented the Debtors, their affiliates, or any of their principals.

5. This Supplemental Disclosure is being filed because the issue of a potential conflict of issue was raised by two creditors, Darren Henson and Keith Pelzer, in their Objection to the Motion to Employ Counsel (D.I. 28). The suggestion of a conflict of interest arose out of the fact that debtor Touched By Jazz Music, Inc. had advanced a retainer in the amount of $12,500.00 to debtor A Touch of Jazz, Inc., as A Touch of Jazz, Inc. had no funds immediately available with which to pay its own retainer, being apparently held by record companies pursuant to an alleged garnishment by creditor Rhythm Jazz Management.

6. After that issue was raised, Mr. Townes agreed to fund the retainer for fees for the bankruptcy of A Touch of Jazz, Inc. from his personal funds.

7. As such, Mr. Townes paid $12,500.00 to the firm of Allen B. Dubroff, Esq. & Associates, LLC, and Allen B. Dubroff, Esq. & Associates, LLC. refunded $12,500.00 to the debtor Touched By Jazz Music, Inc., by depositing those funds in the company's Debtor-In-Possession bank account.

8. While the undersigned believes no actual conflict of interest ever arose, with the refund of the retainer to Touched By Jazz Music, Inc., any potential conflict of interest has been

averted, as both Debtors are in the position they would have been otherwise, had the initial transactions not occurred.

9. In the event that any actual or further potential conflict of interest is discovered, I will file a supplemental disclosure.

10. Based on the foregoing, I am a "disinterested person" as that term is defined in §101 (14) of the Bankruptcy Code in that I:

(a) am not a creditor, equity security holder, or insider;

(b) am not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) do not have interest materially adverse to the interests of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

11. Based upon the information available to me, I do not hold or represent any interest adverse to the Debtors or their estates.

12. No promises have been received by me as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules. I will be working in this matter on a contract, "of counsel" basis for Allen B. Dubroff, Esq. & Associates, LLC.

13. By reason of the foregoing, I believe that I am eligible for employment and retention by the Debtors pursuant to section 327(a) of the Bankruptcy Code and applicable Bankruptcy Rules.

**Thomas' Compensation**

14. The Debtors intends to compensate Counsel for services rendered in their representation of the Debtors in the Debtors' bankruptcy cases. The Debtors also intend to

reimburse Counsel for the expenses incurred in their representation of the Debtors. This fee structure is designed to compensate Counsel fairly and reasonably for the work of its attorneys and staff. The Debtors shall be responsible for the reimbursement of the following reasonable costs: court filing fees, deposition transcripts, court transcripts, mediation fees and expenses, court reporter fees, routine service costs, postage, overnight mail charges, electronic scanning, hand deliveries, photo copies and facsimiles at rates allowed under the Local Rules, travel expenses and expert fees. It is Counsel's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. Counsel will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to other clients.

15. Counsel shall file one or more interim applications with this Court seeking authorization for compensation and reimbursement of expenses. Counsel acknowledges that the payment of professional fees and expenses may be subject to disgorgement or modification, if warranted. At the conclusion of its representation of the Debtors, Counsel will file a final application seeking approval of payment of its compensation and setting forth all fees and expenses incurred in these cases pursuant to the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

16. <u>Allen B. Dubroff Esq. & Associates, LLC has, as of the Petition date, has received $12,500 for representation of A Touch of Jazz, Inc. and $12,500 for representation of Touched by Jazz Music Inc., (the "Retainer"), as a retainer for services rendered by Counsel in the Debtors' bankruptcy cases to be applied to fees and costs incurred by Counsel in the Debtors' bankruptcy case in accordance with the Bankruptcy Rules. The Retainer was paid on behalf of the Debtor Touched by Jazz Music Inc. for itself, and paid by debtor's principal, Jeffrey Townes, for A Touch of Jazz, Inc</u>.

17. Debtors' principal understands that Counsel represents the Debtors and not the principal, and that the Retainer was paid for the benefit of the Debtors and not for the benefit of Debtors' principal.

18. The foregoing constitutes the statement of Thomas pursuant to section 327 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Date: 11/24/10

/s/ John F. Thomas, Jr.  (DE ID#3324)
JOHN F. THOMAS, JR., ESQUIRE
64 Read's Way
New Castle, DE 19720
(302) 221-3278